**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DEBBIE L. WARD, | No. 16-55078 |
| Plaintiff-Appellant, | D.C. No. 8:15-cv-00595-RAO |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Rozella Ann Oliver, Magistrate Judge, Presiding

Submitted October 2, 2017**
Pasadena, California

Before: KLEINFELD, GRABER, and CHRISTEN, Circuit Judges.

After Debbie Ward injured her back, she applied for Social Security

Disability Insurance. An ALJ denied her application, and the Appeals Council

denied review. Ward sued in district court under 42 U.S.C. § 405(g). The district

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes that this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

court affirmed, so Ward appealed to this court. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's order de novo and the ALJ's decision under the "substantial evidence" standard. Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012). We affirm.

## I.

This case involves the familiar five-step procedure for assessing a claim for disability benefits. See 20 C.F.R. § 404.1520(a)(4). Step Two of the procedure requires, in part, that the ALJ determine if the claimant has a "severe" impairment. Id. § 404.1520(a)(4)(ii). The ALJ determines the severity of a mental impairment by rating the claimant's capacities in four areas: activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation. Id. § 404.1520a(c)(3). If the ratings in the first three areas are either "none" or "mild," and the rating in the fourth area is "none," then the mental impairment is non-severe "unless the evidence otherwise indicates that there is more than a minimal limitation in [the claimant's] ability to do basic work activities." Id. § 404.1520a(d)(1).

At Step Four of the procedure, the ALJ will consider the claimant's ability to do work—the so-called "residual functional capacity." Id. § 404.1520(a)(4)(iv).

This is determined "based on all the relevant medical and other evidence in [the] case record." Id. §§ 404.1520(e), 404.1545(a)(3).

## II.

The ALJ found that Ward did not have a severe mental impairment. The ALJ also found that Ward was "capable of performing past relevant work as a service representative and data entry clerk."

We affirm both findings.

## A.

Ward says that the ALJ failed to fully consider a report by psychologist TesiEllen Athans. We disagree.

Dr. Athans diagnosed Ward with "adjustment disorder with anxiety." She then made eight observations under the heading of "Functional Assessment." The observations are as follows:

1. Able to understand, remember, and carry out <u>simple</u> one or two-step job instructions: <u>Unimpaired</u>.

2. Able to do detailed and <u>complex</u> instructions: <u>Unimpaired</u>.

3. Ability to relate and interact with co-workers and public: <u>Unimpaired</u>.

4. Ability to maintain concentration and attention, persistence and pace: <u>Mildly impaired</u>.

3

5. Ability to associate with day-to-day work activity, including attendance and safety: <u>Mildly impaired.</u>

6. Able to accept instructions from supervisors: <u>Unimpaired</u>.

7. Able to maintain regular attendance in the work place and perform work activities on a consistent basis: <u>Moderately impaired</u>.

8. Able to perform work activities without special or additional supervision: <u>Mildly impaired</u>.

Ward argues that the seventh observation means that Ward has a severe mental impairment and lacks the residual functional capacity to work. And although the ALJ gave "great weight" to Dr. Athans's report and discussed it in detail, he did not specifically reference the observations above.

But the failure to mention the use of the word "moderate," even if it was erroneous, would have affected neither the analysis nor the outcome. See Molina, 674 F.3d at 1115 (defining "harmless error"). An ALJ must consider all of the evidence in the record, not just a lone sentence. The ALJ in this case gave Dr. Athans's report "great weight" and discussed key portions of it in his decision. That report as a whole indicates that Ward is capable of working full-time, and other evidence in the record confirms that conclusion. It is clear from the ALJ's written decision that he considered the record as a whole and rejected Ward's claims.

**B.**

Ward also identifies three hypothetical questions that the ALJ asked of vocational expert Susan Allison. Allison's testimony established that someone who was not able to show up and work on a regular basis would not be able to keep a full-time job. But this colloquy did not establish that Ward was incapable of work. It did not provide, as Ward says it does, "three syntheses of the probative medical evidence in the record." As used in this particular case, the hypotheticals were nothing more than hypotheticals. See Osenbrock v. Apfel, 240 F.3d 1157, 1164 (9th Cir. 2001).

**III.**

The decision to deny disability benefits was supported by substantial evidence. Therefore, we **AFFIRM** the judgment of the district court.